## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEFFERSON MORLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03-02545** |
| | ) | (RJL/DAR) |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

DEFENDANT'S RENEWED MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Central Intelligence Agency ("CIA"), through counsel, moves this Court for an order protecting Defendant from improper and premature discovery propounded by Plaintiff in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, case.  Specifically, Defendant respectfully renews its request that the Court enter a protective order shielding CIA from Plaintiff's new discovery requests, including Plaintiff's Second Set of Interrogatories, Plaintiff's Second Request For Production Of Documents, and Plaintiff's Notice of Depositions and order that Defendant does not need to answer Plaintiff's discovery in this case.  In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum in Support of Defendant's Renewed Motion for a Protective Order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG  LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  2053
(202) 514-7238;(202) 514-8780
(Facsimile)

**Benton.Peterson@usdoj.gov**

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JEFFERSON MORLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 03-02545 (RJL)** |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S RENEWED MOTION FOR A PROTECTIVE ORDER**

On December 21, 2005, [1] Plaintiff Jefferson Morley propounded new requests for

discovery on Defendant Central Intelligence Agency ("CIA") in this action brought under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2005).  These requests, which include

Plaintiff's Second Set of Interrogatories, Plaintiff's Notice of Depositions, and Plaintiff's Second

Request for Production Of Documents, should not be permitted at this time because the Court

has yet to rule on the Defendant's recently-filed Motion for Summary Judgment and because that

Motion, accompanied by a detailed declaration and Vaughn index, renders discovery completely

unnecessary in this case.  Accordingly, Defendant's premature discovery requests should be

barred, and the Court should grant Defendant's Second Motion for a Protective Order. Therefore,

Defendant, pursuant to Federal Civil Procedure Rule 26(c), now moves for a protective order to

---

[1] The Court's November 17, 2005 Order [Docket Number 46] required Plaintiff to propound any new discovery by December 20, 2005.

1

avoid having to respond to Plaintiff's requests until further order of the Court.  A copy of

Plaintiff's discovery requests are attached as Exhibit A.

I.  BACKGROUND

In this FOIA action, Plaintiff alleges that the CIA failed to release to him, pursuant to a

FOIA request documents to which he claims he is legally entitled.  Specifically, plaintiff sought

documents pertaining to George Joannides, a CIA operations officer whom he contends had

some connection to the assassination of President John F. Kennedy.  On February 27, 2005,

plaintiff propounded on CIA requests for discovery, including interrogatories and requests for

production of documents.  On  March 24, 2005, CIA filed a motion for protective order asking

the Court to protect it from plaintiff's improper and premature discovery.  On July 5, 2005,

plaintiff filed a motion to compel responses to its outstanding discovery.  Plaintiff also filed an

opposition to CIA's motion for protective order.  CIA then filed an opposition to the motion to

compel in which it argued that plaintiff's motion to compel discovery was nothing more than a

surreply that failed to address well-settled law that discovery is premature in a FOIA case prior

to the Court's ruling on Defendant's summary judgment motion.

On August 9, 2005, the Court issued an order referring all discovery disputes, including

the motion to compel and motion for protective order, to a United States Magistrate Judge.  On

November 15, 2005, CIA filed its motion for summary judgment, attached to which was a forty-

seven page declaration setting out in great detail the history of the FOIA request and the

Agency's action on that request, as well as the reasons for the Agency's withholding, in full or in

part, any documents from Plaintiff.

On November 16, 2005, Magistrate Judge Robinson held a hearing on the outstanding

discovery motions.  After hearing from both parties, Magistrate Judge Robinson denied, with the

consent of both parties, both motions as moot; ordered, with the consent of both parties, Plaintiff

to propound new discovery requests by December 20, 2005; ordered Defendant to file any

motion for protective order relating to the new discovery by January 6, 2006 or respond to the

discovery by January 20, 2006; and, over the objection of Defendant, ordered the date for

Plaintiff to respond to a motion for summary judgment filed by the Defendant be stayed until ten

days after the court's ruling on any motion for protective order or after service of responses to

the discovery.

On December 21, 2005, Plaintiff propounded on CIA new discovery requests including

Plaintiff's Second Set of Interrogatories, Plaintiff's Second Request For Production Of

Documents, and Plaintiff's Notice of Depositions.


II.  ARGUMENT

### PLAINTIFF'S REQUEST FOR DISCOVERY  SHOULD NOT BE PERMITTED BECAUSE IT IS IMPROPER AND PREMATURE

Discovery is "generally unavailable in FOIA actions."2  Wheeler v. CIA, 271 F.Supp. 2d

132, 139 (D.D.C. 2003); Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72

(D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions."), aff'd in part, rev'd in

part, and remanded, 185 F.3d 898 (D.C. Cir. 1999); Judicial Watch, Inc. v. Exp.-Imp. Bank, 108

F.Supp. 2d 19, 25 (D.D.C. 2000).  Additionally, although limited discovery is occasionally

permitted in FOIA cases, it is well-settled law that pre-summary judgment discovery is generally

impermissible.  See, e.g., Murphy v. Fed. Bureau of Investigation, 490 F. Supp. 1134, 1137

---

2 Defendant incorporates by reference all arguments made in Defendant's Motion for A Protective Order, dated
March 24, 2005, and Defendant's Reply Memorandum of Law, dated May 6, 2005.

3

(D.D.C. 1980).  The trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.  Meeropol v. Meese, 790 F.2d 942, 960-61 (D.C. Cir. 1986); Petrus v. Brown, 833 F.2d 581, 583 (5th Cir. 1987).  Thus, if limited discovery is permitted at all, it should take place only after the court rules upon the Defendant's Summary Judgment motion.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993)(finding Plaintiff's early attempt to take discovery depositions inappropriate until the government first had a chance to provide the court with the information necessary to make a decision on applicable exemptions); Farese v. United States Dept. of Justice, No. 86-5528, slip op. at 6 (D.C. Cir. Aug. 12, 1987)(affirming denial of discovery filed prior to the government's affidavits and supporting documentation).

    To this end in FOIA actions, discovery relating to the agency's search and the exemptions it claims for withholding records is never permitted if the agency's affidavits are "reasonably specific" and "demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or by evidence of agency bad faith.'"  Ctr. for Nat'l Sec. Studies, et al. v. Dept. of Justice, No. 01-2500, 2002 U.S. Dist. LEXIS 2983, at *5 (D.D.C. Feb. 21, 2002) citing Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1978); Hunt v. United States Marine Corps, 935 F. Supp. 46, 50 (D.D.C. 1996); See also, Simmons v. United States Dept. of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986)(approving district court's decision denying discovery because agency affidavit filed with summary judgment motion made need for discovery "moot").  Discovery should also not be permitted if the Agency's affidavits are sufficiently detailed concerning the adequacy of the Agency's search.  SafeCard Servs., Inc. v. SEC 926 F.2d 1197, 1200-1202 (D.C. Cir. 1991). (affirming decision to deny discovery as to adequacy of search on ground that agency's

affidavits were sufficiently detailed;  Military Audit Project v. Casey, 656 F.2d 724, 751 (D.C.

Cir. 1981).

Accordingly, discovery is the exception, not the rule, in FOIA cases, Wheeler v. CIA, 271

F.Supp. 2d at 139, and there is absolutely no reason why discovery should be permitted here.

  In this case, Plaintiff's discovery requests primarily relate to the adequacy of CIA's

search for responsive documents and to the FOIA exemptions claimed by CIA. The Defendant's

Motion for Summary Judgment, including an attached declaration and other documents, filed on

November 15, 2005, are sufficiently detailed to render the need for discovery moot.

Specifically, discovery is not appropriate here because the Motion, including a Memorandum of

Points and Authorities, a forty-seven page declaration from the CIA's Information Review

Officer, and a comprehensive Vaughn index comprehensively detail the adequacy of the

Agency's search and the basis for the FOIA exemptions claimed by Defendant.  The

Memorandum of Points and Authorities discusses how the Agency's search, as described in Ms.

Dorn's declaration, was entirely adequate as a matter of law and contained an adequate legal

basis to support the FOIA exemptions claimed by CIA.  Ms. Dorn's declaration describes in

detail, inter alia, the CIA's actions in response to Plaintiff's FOIA request and the bases for the

FOIA exemptions exercised by CIA in this action.  Ms. Dorn not only carefully describes the

adequacy of CIA's search for documents responsive to Plaintiff's request, the organizations and

personnel involved in conducting the search and the type of information located in the search but

she also goes into considerable detail in explaining which FOIA exemptions are applicable and

why certain information was withheld.  The Vaughn index is similarly detailed; it describes the

148 CIA documents withheld, in whole or in part; the specific type of information that would be

revealed if certain information were not withheld; and the FOIA exemptions specifically applicable to each document.

Thus, because Plaintiff's request for discovery at this stage prematurely anticipates discovery that might be had in the event that the Court denies Defendant's motion for summary judgment, Plaintiff's request for discovery is inappropriate at this time.

Moreover, the requests propounded by plaintiff seek either information far afield to his FOIA request, irrelevant to the matters at issue in summary judgment, or already addressed in the Dorn Declaration filed by defendant with its motion for summary judgment.  For example, in his interrogatories, plaintiff seeks to know whether "the approximately 1,100 entirely withheld documents referred to in paragraph 29 of the Dorn Declaration have been released to NARA." Interrogatory No. 7.  In his original seventeen FOIA requests, plaintiff never asks for the Agency to release to him these 1,100 documents.  Thus, they are not at issue in this case and this request asks for information completely irrelevant to the issues raised by the motion for summary judgment.  Plaintiff also asks in his document request for "all memoranda, reports, letters, notes, telephone messages, jottings, tapes, e-mails, etc. concerning the efforts of Michelle Combes to ascertain who was the case officer for DRE during the 1962-1964 period."  Document Request No.  7.  Again, none of plaintiff's seventeen requests relate or refer to, in way, "Michelle Combs" or her activities or relationship with DRE.  This information is irrelevant to any issue raised by the summary judgment motion.  Indeed, through these two requests and others like them, plaintiff simply is submitting a FOIA request through improper channels.  The Court should not allow him to do so.

Additionally, many of his requests are directly answered in detail by the Dorn Declaration.  For example, plaintiff propounds an interrogatory asking whether the CIA is

6

invoking the operational files exemption relating to materials concerning George Joannides.

Interrogatory No. 3.   Ms. Dorn provides a detailed explanation of the very point in paragraphs

97 to 102.   Similarly, plaintiff asks whether CIA searched files belonging to the "Office of

Legislative Counsel."   Interrogatory No. 5.   Again, Ms. Dorn specifically states in paragraphs 43

to 44 of her Declaration that the search included files in the Office of Congressional Affairs,

which is the successor to the Office of Legislative Counsel. Finally, Plaintiff has offered no basis

upon which this Court should defer ruling on the Defendant's dispositive motion.   "Summary

judgment is available to the Defendant in a FOIA case when the agency proves that it has fully

discharged its obligations under FOIA." Miller v. United States Dep't. of State, 779 F.2d 1378,

1382 (8th Cir. 1985).   Summary judgment may be granted solely on the basis of agency

affidavits if they "describe the documents and justifications for non-disclosure with reasonably

specific detail, demonstrate that the information withheld logically falls within the claimed

exemption, and are not controverted by either contrary evidence in the record nor by evidence of

agency bad faith." Military Audit Project v. Casey, 656 F. 2d  at 738 .   Once the agency has

responded in its motion for summary judgment, it is the Plaintiff's obligation to make a showing

of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations,

or provide some tangible evidence adequately to explain "why, at that point in time, it cannot

present by affidavit facts needed to defeat the [agency's] motion [for summary judgment]."

Code v. FBI, No. 95-1892, 1997 WL 150070 at *8 (RMU)(D.D.C. Mar. 26, 1997).

Here, Plaintiff provides no evidence of bad faith to impugn Ms. Dorn's declaration.

Indeed, courts should give government affidavits "substantial weight" in their determination

provided that the declarations submitted by the defendants are "relatively detailed" given the

nature of the case.  Goland v. CIA ,607 F. 2d 339, 352 (D.C. Cir. 1978).  And here, Defendant's

7

summary judgment motion, to which the Court is respectfully referred,[3] demonstrates and details

the reasonableness and adequacy of CIA's search.   Therefore, the Court should not defer

judgment on Defendant's motion.

### Conclusion

Accordingly, the Court should enter a protective order, pursuant to Fed. R. Civ. P. 26(c),

barring any discovery in this case until after the parties submit evidence for the Court to

determine whether Defendant is entitled to summary judgment on the record as it currently

exists.

                         Respectfully submitted,


                         _____
                         KENNETH L. WAINSTEIN, D.C. Bar #451058
                         United States Attorney


                         _____
                         R. CRAIG  LAWRENCE, D.C. Bar #171538
                         Assistant United States Attorney




                         _____
                         BENTON G. PETERSON, WI. Bar #1029849
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 4th Street, N.W. B Civil Division
                         Washington, D.C.  2053
                         (202) 514-7238;(202) 514-8780(Facsimile)

                         **Benton.Peterson@usdoj.gov**

---

3 <u>See</u> Defendant's Motion for Summary Judgment, dated November 15, 2005.