## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEFFERSON MORLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-cv-2545 (RJL)** |
| | ) | |
| **CENTRAL INTELLIGENCE** | ) | **FILED** |
| **AGENCY,** | ) | |
| | ) | **MAR 2 9 2017** |
| **Defendant.** | ) | |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(March 2 9, 2017) [Dkt. #156]

Plaintiff Jefferson Morley brings this action to recover attorney's fees and costs from the Central Intelligence Agency ("CIA") under the Freedom of Information Act ("FOIA"). The matter is before the Court on remand from our Circuit with instructions to consider, as part of the usual four-factor test for granting attorney's fees, the public benefit that Morley's FOIA request was likely to have when he made it. *See Morley v. CIA*, 810 F.3d 841, 845 (D.C. Cir. 2016). The parties have briefed this revised version of the four-factor standard [Dkts. #156, #159, #163]. After review of the briefs, and weighing the likely public benefit of Morley's FOIA request against the other three factors, plaintiff's motion for attorney's fees is once again DENIED.

## BACKGROUND

This request for attorney's fees is back from the Circuit for a second time. The specific facts relevant to plaintiff's fee request are detailed in *Morley v. CIA*, 828 F.

Supp. 2d 257 (D.D.C. 2011) ("*Morley IV*"), *vacated*, 719 F.3d 689 (D.C. Cir. 2013)

("*Morley V*") and briefly summarized in *Morley v. CIA*, 59 F. Supp. 3d 151 (D.D.C.

2014) ("*Morley VI*"), *vacated*, 810 F.3d 841 (D.C. Cir. 2016) ("*Morley VII*").  I quote

directly from that brief summary, eliminating all citations, now:

> Morley is a journalist and news editor.  On July 4, 2003, Morley submitted
> a request under FOIA to the CIA for "all records pertaining to CIA
> operations officer George Efythron Joannides."  The letter makes clear that
> Morley sought information connected to President John F. Kennedy's
> assassination.  The CIA responded in the beginning of November, 2003,
> with a letter explaining that the National Archives and Records
> Administration ("NARA") had a public collection of CIA records related
> to the JFK assassination, which was searchable online.  The CIA directed
> him to submit his request to NARA and did not release any records directly
> to Morley at that time.
>
> Morley subsequently filed suit in this Court on December 16, 2003, to
> enforce his FOIA request.  After further processing of the request, along
> with an appeal up to our Circuit, the CIA ultimately provided Morley with
> a total of 524 responsive records (some of which were segmented and/or
> redacted).  Of those records, 113 were from the files the CIA previously
> had transferred to NARA.

When Morley moved for attorney's fees the first time [Dkt. #107], I considered

the four factors that our Circuit has instructed must guide a district court's discretion in

awarding fees.  *Morley IV*, 828 F. Supp. 2d at 265-66.  The four factors are : "1) the

public benefit derived from the case; 2) the commercial benefit to the plaintiff; 3) the

nature of the plaintiff's interest in the records; and 4) whether the government has a

reasonable basis for withholding the requested information."  *Cotton v. Heyman*, 63 F.3d

1115, 1117 (D.C. Cir. 1995).  I concluded that all four factors weighed against Morley.

Our Circuit, however, vacated and remanded for reconsideration in light of the approach to the public benefit factor announced in *Davy v. CIA*, 550 F.3d 1155 (D.C. Cir. 2008). *See Morley V*, 719 F.3d at 690. On remand, I discussed the analogies to and distinctions from *Davy* extensively. I again concluded the public benefit factor did not weigh in Morley's favor and denied his motion for attorney's fees. What I did not focus on, as our Circuit Court pointed out on appeal from that second decision, was the *ex ante* likelihood that Morley's FOIA request would produce new information of public benefit. As such, the Circuit Court vacated and remanded on that issue, the parties have briefed it, and I turn to it now.

## ANALYSIS

I consider all four FOIA factors in light of what our Circuit has explained is the "purpose" of the FOIA attorney's fee provision, 5 U.S.C. § 552(a)(4)(E)(i): "to remove the incentive for administrative resistance to disclosure requests based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation." *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 711 (D.C. Cir. 1977). The public benefit factor weighs in plaintiff's favor "where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979). Evaluation of the public benefit factor "requires consideration of both the effect of the litigation for

which fees are requested and the potential public value of the information sought." *Davy*, 550 F.3d at 1159.  According to our Circuit Court in this case, if there was a "decent chance" that plaintiff's FOIA request would produce "useful new information" about the JFK assassination when he made it, then the public benefit factor weighs in plaintiff's favor. *Morley VII*, 810 F.3d at 844.

Plaintiff anticipated uncovering new information about the link between the JFK assassination, the Cuban activist group called the Directorio Revolucionario Estudiantil ("the DRE"), and the CIA.  Specifically, plaintiff sought to uncover any connection between Joannides, a CIA officer who appears to have been assigned to cover the DRE around the time of the assassination, and the DRE's known contact with Lee Harvey Oswald.  Any such connection, it is fair to say, would be "useful new information" indeed about the JFK assassination.[1]  In evaluating whether the request had a "decent chance" of producing this information, I look at what *ex ante* reason there was to believe that there was such a connection between Joannides and the assassination.

Morley's sprawling explanation on this point makes it difficult for the Court identify what the reasons were to believe that the search would turn up something useful. *E.g.*, Supp. Mem. of P. & A. ISO Pl.'s Mot. for Award of Attorneys' Fees and Costs 8-27 [Dkt. #156].  Morley's reasons for anticipating a connection seem to be based largely on the declaration of Dan L. Hardaway, who worked as a researcher on the U.S. House of

---

[1] I assume for the purpose of this analysis that Morley had reason to believe his request would uncover some documents not already in the National Archives.

4

Representatives Select Committee on Assassinations. *Id.* Hardaway worked with Joannides, who was the CIA's liaison to the congressional investigation. *Id.* at 9-10. Hardaway became suspicious that Joannides was covering up information in this role, especially because Joannides apparently did not disclose that he had been an agent assigned to cover the DRE during the relevant time period. *Id.* at 9-14. Morley's request thus had at least a decent chance of turning up information that would clarify the worth of the congressional investigation into the JFK assassination. *See id.* at 21-23. But I see little basis to support the *ex ante* likelihood that Joannides would himself be connected to Lee Harvey Oswald or the JFK assassination. Morley's request was more like searching for a needle in a haystack than a targeted query with "decent chance" of turning up "useful new information" about the JFK assassination. But even taking the most generous possible interpretation—that information indicating Joannides was *not* linked to Oswald or to the assassination through the DRE is "useful" to *disprove* a possible conspiracy theory—I find that the expectation-adjusted value of the public benefit that plaintiff sought to provide was small.

Putting the public benefit factor into context, the question at issue in the second and third factors is whether attorney's fees were necessary and appropriate to incentivize Morley to produce this level of public benefit. *Davy*, 550 F.3d at 1158. Although Morley's interest in the information he sought was in part scholarly, he also had a private incentive to pursue the FOIA request. *Accord Morley IV*, 828 F. Supp. 2d. at 264-65. Morely's

commercial benefit from this FOIA litigation consisted of (1) some compensation for writing news articles, and (2) not having to expend resources engaging with the JFK collection at the National Archives. *Id.* Concededly, these private incentives are small, but so was the expectation-adjusted public benefit. Accordingly, the first three factors do not clearly indicate whether the Court should award attorney's fees—it is a very close call whether taxpayers should provide an exogenous incentive for a request like Morley's.[2]

Thankfully, the final factor breaks the tie—it weighs heavily against Morley and is ultimately dispositive. *See Maydak v. U.S. Dep't of Justice*, 579 F. Supp. 2d 105, 109 (D.D.C. 2008) ("[T]he failure to satisfy the fourth element of an unreasonable withholding may foreclose a claim for attorney fees or costs" (alterations and quotation marks omitted)); *see also Nationwide Bldg.*, 559 F.2d at 712 n. 34 ("[I]f the government only establishes that it had a reasonable basis in law for resisting disclosure it may be proper to deny a FOIA plaintiff's motion for attorney fees unless other factors affirmatively justify such an award."). An award of attorney's fees and costs is not necessary in this case to ensure that the agency refrains from needlessly frustrating efforts

---

[2] Our Circuit Court cast some doubt whether the cost savings from avoiding the National Archives should be counted as a commercial benefit that inured to Morley. It suggested that perhaps a person seeking records *ought* to be able to avoid the costs of searching for them in the National Archives. *Cf. Morley VII*, 810 F.3d at 845. In an abundance of caution, therefore, I will clarify that even if costs avoided do not count as a commercial benefit, the public interest in incentivizing Morley would be low enough in this case that I would still find the fourth factor dispositive.

to obtain information.  As I found in *Morley IV*, 828 F. Supp. 2d. at 265, the "CIA []

advanced a reasonable legal position" and did not engage "in any recalcitrant or obdurate

behavior"; hence, this factor "weighs strongly in favor of the CIA."[3]  Enough said !

### CONCLUSION

Thus, for all the foregoing reasons, plaintiff's Renewed Motion for Attorney's

Fees and Costs [Dkt. #156] is DENIED.  An appropriate order shall accompany this

Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[3] Because I hold that Morley is not entitled to fees or costs, I do not address the CIA's contention that he did not "substantially prevail" in his FOIA litigation and, therefore, is not eligible for fees or costs.  Def.'s Opp'n 6-7 [Dkt. #159].